UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DARNELL W. MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14-cv-67-JMS-WGH |
| | ) | |
| HELEN J. MARBERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint, Dismissing
Certain Claims, and Directing Further Proceedings**

Plaintiff Darnell Moon brings this complaint pursuant to the Administrative Procedures Act and the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He sues 36 defendants for a multitude of claims. His lawsuit includes a challenge to the establishment by the Federal Bureau of Prisons ("BOP") of the Blue/Gold Program under the Administrative Procedures Act ("APA") and *Bivens* claims of excessive force, First Amendment violations, failure to provide medical care, and unconstitutional living conditions, among others.

**I. Screening**

Because he is a prisoner, Moon's complaint is subject to the screening requirement of 28 U.S.C. § 191A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P.

8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Moon are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The court has conducted the screening process noted above, and as a result certain claims will proceed, while others will be dismissed.

Moon brings his APA claim against a multitude of defendants, including Harley Lappin, the former Director of the BOP. That claim will **proceed** against the current Director of the BOP only. Charles E. Samuels, the current Director of the BOP is **substituted** as a defendant. *See* 5 U.S.C. § 703 ("[T]he action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer.").

Each of Moon's *Bivens* claims must be **dismissed**. This is because each of Moon's allegations regarding civil rights violations took place in 2010 and any claim based on actions that took place in 2010, is necessarily barred by the two-year statute of limitations. *See King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 913 (7th Cir. 2000) (applying a two-year statute of limitations to *Bivens* claims). A *Bivens* claim accrues and the statute of limitations begins to run "when the plaintiff *discovers,* or by exercise of *due diligence* would have discovered, that [she] has been *injured* and who *caused* the injury." *United States v. Duke,* 229 F.3d 627, 630 (7th Cir. 2000). Moon's *Bivens* claims accrued in 2010 and the statute of limitations passed in 2012. His lawsuit brought in 2014 is therefore time-barred.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(internal citations omitted). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Because Moon has pled facts that show that his *Bivens* claims are time-barred, those claims are **dismissed**.

All defendants except Charles E. Samuels are **terminated as defendants in this action**.

## II. Further Proceedings

The only viable claim identified by the Court is the APA claim against the BOP. This claim shall proceed as submitted. If Moon believes that he has asserted any additional viable claims which were not recognized in this Entry, he should notify the Court of this fact by no later than **June 10, 2014**.[1]

The clerk is directed to **issue summons** to the defendant and to other officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2). The Marshal for this District is directed to **serve** the summons and complaint, with a copy of this Entry, at the expense of the United States.

## III. Pending Motions

The plaintiff's second motion for copies of summonses [dkt 16] is **granted** to the extent that summons will be issued to the lone remaining defendant. The plaintiff's second motion requesting the BOP to provide addresses [dkt 17] is **denied**. The remaining defendant will be

---

[1] Moon is reminded that he may only join claims or defendants that are related to or arise out of the same transaction, occurrence, or series of transactions or occurrence. Fed. Rule Civ. Proc. 20.

served as directed. Addresses of the other defendants named by the plaintiff are not required at this time.

 **IT IS SO ORDERED.**

Date: 05/13/2014

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell W. Moon
34077-044
St. Genevieve County Detention Center
#5 Basler Drive
St. Genevieve, MO 63670

United States Marshal

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**