UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DARNELL W. MOON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:14-cv-67-JMS-WGH |
| CHARLES E. SAMUELS, *Director of* BOP | ) ) ) ) |
| Defendant. | ) ) ) |

**Entry Discussing Motion for Reconsideration and Amended Complaint**

In the Entry of May 13, 2014, the Court screened the plaintiff's original complaint pursuant to 28 U.S.C. § 1915A. Based on that screening, the Court dismissed each of plaintiff Darnell Moon's claims brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and allowed his claim brought pursuant to the Administrative Procedures Act ("APA") challenging the establishment by the Federal Bureau of Prisons ("BOP") of the Blue/Gold Program to proceed. The plaintiff has moved to reconsider the ruling dismissing his *Bivens* claims and has filed an Amended Complaint. The Court will consider each of these filings.

**I. Motion for Reconsideration**

In the Entry of May 13, 2014, the Court dismissed each of Moon's *Bivens* claims as barred by the two-year statute of limitations.[1] Moon seeks reconsideration of this ruling arguing that his claims are not time-barred because the statute of limitations was tolled during the time that he was

---

[1] *See King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 913 (7th Cir. 2000) (applying a two-year statute of limitations to *Bivens* claims).

exhausting his administrative remedies as required by the Prison Litigation Reform Act. Moon asserts in his amended complaint:

> On 3/25/2010, plaintiff presented the facts related to this lawsuit to Counselor Parker. The BP-8 was denied. On 3/15/2010, plaintiff presented the facts related to this lawsuit to the Warden. On 3/25/2010 his request was denied. Plaintiff presented the facts related to this complaint to the Regional Director on 4/19/2010. Plaintiff's appeal was denied on 5/12/2010.

(Amended Complaint pp 32-33). Based on these facts, Moon argues that the statute of limitations started running on his claims on May 12, 2010, and would have expired on May 12, 2012. He argues, however, that because he was transferred to the USP Marion in January of 2012 and again presented these claims through the administrative remedy process, that the statute of limitations was once again tolled during the time he again exhausted his administrative remedies.

As the Court explained in its previous Entry, "[i]t is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . .However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). That is exactly what Moon has done here. He has alleged that he completed his administrative remedy process on May 12, 2010. Even assuming that the two-year statute of limitations began to run on that date,[2] he had until May 12, 2012 in which to file this lawsuit at the latest, but failed to do so until March 12, 2014. The fact that he began again

---

[2] The Court acknowledges that in Illinois, the statute of limitations may be tolled while a prisoner exhausts his available administrative remedies, see *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008), the Court discerns no such law in Indiana.

in January of 2012 to exhaust administrative remedies does not resurrect those claims. Moon could have filed suit any time after May 12, 2010, but did not do so until nearly four years later. In these circumstances, he has alleged facts sufficient to establish a statute of limitations defense and has pled himself out of court. His motion for reconsideration [dkt 20] is therefore **denied**.

## II. Amended Complaint

Moon's Amended Complaint [dkt 22] is now subject to the screening requirement of 28 U.S.C. § 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Moon's Amended Complaint raises essentially the same claims as those raised in his original complaint. For the reasons discussed above, each of Moon's *Bivens* claims must be **dismissed** as time-barred. Moon's APA claim **shall proceed** against defendant Charles E. Samuels for the reasons explained in the Entry of May 13, 2014. This defendant has already been served with process. Moon's motion requesting screening [dkt 31] is **granted** consistent with these rulings.

**IT IS SO ORDERED.**

Date: __October 8, 2014__

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Darnell W. Moon
34077-044
5536 Highway 32 East
P.O. Box 459
Farmington, MO 63640

All electronically registered counsel