UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DARNELL W. MOON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-67-JMS-WGH |
| CHARLES E. SAMUELS, *Director of BOP* | ) |
| Defendant. | ) |

**Entry Granting Motion to Dismiss and Directing Entry of Final Judgment**

Plaintiff Darnell Moon, a former inmate of the Federal Correctional Center in Terre Haute, Indiana ("FCC Terre Haute"), brings this lawsuit pursuant to the Administrative Procedure Act ("APA"), alleging that the defendant failed to engage in "notice and comment rulemaking" when it established the "Blue/Gold" Program at the FCC Terre Haute. Mr. Moon requests that the Program undergo the rulemaking process or be terminated. The defendant has moved to dismiss. Despite being given multiple extensions of time, the plaintiff has failed to respond.

**I. Standard of Review**

The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. While a court deciding a Rule 12(b)(1) motion may accept the truth of the allegations in the complaint, it should look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject matter exists. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The party asserting the existence of subject matter jurisdiction bears the burden of demonstrating by competent proof that such jurisdiction in fact exists. *See Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *see also Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). A Rule 12(b)(1) motion

may be raised at any time, by either party or by the Court *sua sponte*. *See* Fed. R. Civ. P. 12(h).

## II. Facts

Mr. Moon arrived at the FCC Terre Haute on December 17, 2009. He was transferred to United States Penitentiary ("USP") Marion, Illinois, on December 20, 2011. He has not returned to the FCC Terre Haute since his transfer. On December 12, 2013, Mr. Moon was released from the USP Marion, Illinois, for community corrections placement on supervised release in St. Louis, Missouri. He will remain in community corrections placement/supervised release until his release date of April 17, 2015.

## III. Discussion

The defendant moves to dismiss for lack of jurisdiction arguing that because Mr. Moon was transferred out of the FCC Terre Haute and is now on supervised release in Missouri, his APA challenge to the Blue/Gold Program is moot.

Article III of the Constitution limits federal court jurisdiction to cases and controversies. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). This Court's jurisdiction, therefore, depends on "an actual controversy [that] must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). Thus, if the controversy defined by a legal claim is no longer live, or the parties lack a legally cognizable interest in the outcome, the claim is moot, and the court must dismiss for want of jurisdiction. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *N. Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,' . . . our impotence 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'") (citations omitted).

Here, Mr. Moon is no longer part of the FCC Terre Haute Blue/Gold Program, nor is he confined in a federal penitentiary. Moon's APA challenge is not an action for damages for past conduct, but is a request for prospective injunctive relief.[1] He has requested as relief that this Court order the BOP to undergo a "notice and comment" review of the Blue/Gold Program. Because Mr. Moon is no longer subject to the program, there is no current controversy and his claims are moot. *See Aref v. Holder*, 774 F. Supp. 2d 147, 160-61 (D. D.C. 2011) (where plaintiff was no longer in federal custody because he had been paroled, his claims regarding the Communication Management Unit were moot).

Because Mr. Moon's APA claim is moot, it must be dismissed for lack of jurisdiction. *See Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) (citing *Charles v. Daley,* 749 F.2d 452, 456 (7th Cir. 1984)).

### IV. Conclusion

For the foregoing reasons, the defendants' motion to dismiss [dkt 32] is **granted**. This action is dismissed. Judgment consistent with this Entry and the Entry of October 8, 2014, shall now issue.

**IT IS SO ORDERED.**

Date: January 14, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] Mr. Moon's related civil rights claims based on the conditions of his confinement while he was housed at the FCC Terre Haute were previously dismissed as having been brought outside the applicable statute of limitations. *See* dkts. 18 and 37.

Distribution:

Darnell W. Moon
510 North Fountain Street
Apt 5
Cape Girardau, MO 63701

All electronically registered counsel